IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| JOANNA E. POSTLETHWAIT, | : | Case No. 06-23027-TPA |
| | : | Chapter 13 |
| *Debtor* | : | Related to Document No. 19 |

## MEMORANDUM ORDER DENYING 11 U.S.C. §109(h)(3)(A) WAIVER

The Debtor seeks approval of her *Amended Certification of Exigent Circumstances under 11 U.S.C. §109(h)(3)(A).* She argues that, in light of the pending creditor sale of her automobile six days following her filing, "exigent circumstances" existed and that her two, unsuccessful telephonic attempts to obtain the required *11 U.S.C. §109(h)* prepetition, credit counseling briefing ("credit briefing") minutes before her bankruptcy filing qualified her for a *Section 109(h)(3)(A)* "waiver" of the same. The Chapter 13 Trustee objected to approval of the Amended Certification seeking dismissal of the case due to the Debtor's lack of eligibility for failure to comply with *11 U.S.C. §109(h)*.

*Section 109(h)(3)(A)* creates a limited exception to the prepetition counseling requirement for debtors. In order to qualify, at the time of filing a debtor must submit to the court a certification that: (1) describes "exigent circumstances" meriting a waiver of the requirement; (2) states that the debtor requested prepetition credit counseling services from an approved credit counseling agency but the debtor was "unable" to obtain those services during the "5-day period" beginning on the date which the debtor made the request; and, (3) is otherwise satisfactory to the

1

court.  *See 11 U.S.C. §§109(h)(3)(A)(I), (ii)* and *(iii)*.  The three *Section 109(h)(3)(A)* requirements for approval of such a waiver are written in the conjunctive.

Here, the Amended Certification recites that the Debtor made the first attempt at obtaining her required credit briefing on June 30, 2006 at 3:15 P.M.  Since no counselors were available at that time, and the Debtor claims she had to file her bankruptcy before the July 6, 2006 creditor's sale of her vehicle, she made a second attempt at securing her briefing by contacting another, approved agency by phone at 3:30 P.M. that same day.  When that second attempt also proved unsuccessful, she filed her petition some forty minutes later at 4:09 P.M.  At the time of the September 6, 2006 hearing on this matter, the Court accepted, for purposes of argument only, that because of the scheduling issues described by Debtor's Counsel and the impending July 4th holiday, despite filing of the bankruptcy more than five days beforehand, the July 6th creditor sale was an "exigent circumstance" under *Section 109(h)(3)(A)(I)*.

Pursuant to *Section 109(h)(3)(A)(ii)*, a debtor's certificate of exigent circumstances must state that the debtor requested credit counseling services, but was "unable" to obtain those services.  The statute does not define "unable."  While the Debtor made two, prepetition requests, a question arises as to whether she was actually "unable" to timely obtain the credit briefing since her attempts were made only 15 minutes apart from each other on the same day as the filing of the petition, more than five days in advance of the "exigent" event.  American Heritage Dictionary of the English Language, (4th ed. 2000) defines "unable" as "[L]acking the necessary power, authority, or means; not able; incapable; ...."  Here, there is no claim or demonstration made in the Amended Certification that the Debtor was "unable" to timely obtain counseling services in advance of the

creditor sale. Granted, she made two unsuccessful attempts in the span of 15 minutes. But no additional facts as to the Debtor's "inability" in this regard were identified in the Amended Certification or adduced at the time of hearing. *Section 109(h)(3)(A)(ii)* not only requires that a debtor "request" counseling services but also demonstrate that she was "unable" to timely receive them. The Amended Certification under review here failed to support any finding that the Debtor was "unable" to receive the required briefing. Since the "exigent" event was not to occur for at least another five days, no acceptable explanation was given as to why the petition filing was not deferred for another 24 or 48 hours to allow additional opportunities to contact other providers.

*Section 109(h)(1)* specifically sanctions the practice of obtaining counseling briefings via the internet or telephone ("including a briefing conducted by telephone or on the Internet"); *see In re Booth*, 2005 WL 3434776, at *1 (Bankr. N.D. Fla. October 19, 2005); *In re Talib*, 335 B.R. 417 (Bankr. W.D. Mo. 2005); 5 *Collier's on Bankruptcy*, ¶ 109.09[3] (Lawrence P. King ed., 2006) (". . . if services are available over the Internet and by telephone, there will rarely be a situation in which a debtor cannot obtain the necessary briefing within hours of seeking it"). At the hearing in this case, Debtor's Counsel acknowledged that the website of the U.S. Trustee for the Western District of Pennsylvania identifies numerous, approved credit counseling agencies available in this District offering the required credit briefing. A review of the website reveals that of those 19 agencies listed, 15 can be accessed via the internet. All 19 can be telephonically accessed.

Regardless of whether the Debtor's two attempts at requesting credit briefing meet the minimum threshold required by *Section 109(h)(3)(A)(ii)*, it is this Court's belief that, under the specific facts of this case, the Debtor's efforts directed to obtaining her credit briefing were deficient

and inadequate. To allow the Debtor to obtain a *Section 109(h)(3)(A)* waiver under these circumstances would reward "token effort." *See In re DePinto*, 336 B.R. 693, 699 (Bankr. E.D. Pa. 2006) (debtor's request for a waiver of the prepetition credit counseling requirements denied when he failed to timely obtain his credit briefing after contacting only one credit counseling agency despite availability of 13 other, approved credit agencies, all of which could be accessed either telephonically or through the Internet).

Here, the Debtor's minimal attempts at obtaining literal compliance with *Section 109(h)(3)(A)(ii)* are unsatisfactory. As such, the Debtor has failed to comply with the third prong of the *Section 109(h)(3)(A)* waiver requirement. In reaching this conclusion it is important to note that this is not a situation where a court decides whether "Is one not enough? Is three too many?" Matters concerning fulfillment of the requirements for a *Section 109(h)(3)(A)* waiver must be reviewed and analyzed on a case-by-case basis. *In re Tomco*, 339 B.R. 145 (Bankr. W.D. Pa. 2006).

It is reasonable to expect a good faith attempt to comply with the requirements of the statute. The facts of this case do not support such a finding. Under the right circumstances, two unsuccessful attempts at obtaining prepetition counseling may be all that is necessary to merit a waiver of the prepetition counseling requirement. But here, where two unsuccessful attempts are made in the span of a mere 15 minutes, and within an hour thereafter, the petition is filed more than five days before the "imminent," triggering, "exigent" event, to declare the Debtor has fulfilled her statutory obligation and that she merits a waiver would reward token and nominal effort which, in this Court's view, is unsatisfactory.

In light of the array of alternative, easily accessible sources available to her, this

Court is not convinced that the Debtor's minimal, token attempts at securing her credit briefing as set forth in the Amended Certification sufficiently demonstrated that the Debtor was "unable" to timely obtain the credit counseling briefing required by *11 U.S.C. §109(h)(3)(a)(ii)*. Even if her actions rose to that level, for the reasons stated, the Amended Certification is not satisfactory to the Court pursuant to *11 U.S.C. §109(h)(3)(A)(iii)*. Therefore,

It is hereby **ORDERED, ADJUDGED and DECREED** that the Trustee's Objection is SUSTAINED and the Debtor's request for approval of her *Amended Certification of Exigent Circumstances under 11 U.S.C. §109(h)(3)(A)* is DENIED. Because the Debtor is ineligible to be a debtor due to her failure to comply with the requirements of *11 U.S.C. §109(h)*, the case is DISMISSED without prejudice.

Order dated: September 12, 2006

_____
Thomas P. Agresti
United States Bankruptcy Judge

Case Administrator to serve:
    Chapter 13 Trustee
    Debtor
    Counsel for Debtor